UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,

v. 6:13-cr-12

STEVE LAVON BIGGINS,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court are the Government's Motion for Relief Pursuant to 18 U.S.C. § 3509, ECF No. 33, and Motion in Limine. ECF No. 32.

### II. DISCUSSION

#### A. Section 3509 Motion

The Government requests several forms of relief under § 3509. First, they ask the courtroom be closed during the victim's[1] testimony. Second, they request the victim's identity be concealed by various measures. And third, they seek an order reminding the relevant people of their confidentiality obligations under § 3509. The Court addresses each request in turn.

#### 1. *Closure of the Courtroom*

18 U.S.C. § 3509 provides certain protections for children under the age of eighteen who have been victims of sexual exploitation and who testify in court. Among other protections, § 3509(e) allows

---

[1] The Court's use of the term "victim" instead of "alleged victim" implies nothing about the guilt or innocence of the Defendant.

courts to, "[w]hen a child testifies[,] order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case." Courts may issue such an order "if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate." *Id.* Nevertheless, "[s]uch an order shall be narrowly tailored to serve the Government's specific compelling interest." *Id.*

The Government here asks the courtroom be closed, to the public, including members of the press, only during the testimony of the victim in this case. ECF No. 33 at 2. Apparently her family has informed the Government that the victim, a fifteen year old female at the time of the acts charged in the indictment, "does not want to testify in open court because of the trauma and embarrassment that she will suffer due to the subject matter of her testimony." *Id.*

The Court finds no reason to deny the Government's request. The Defendant and his counsel will be present during the victim's testimony and so will suffer no prejudice from closing the courtroom. The Government, moreover, has shown the requisite specific compelling interest—here, preventing trauma and embarrassment to the victim—necessary to justify excluding the public and the press.

The Court therefore finds that forcing the victim "to testify in open court would cause substantial psychological harm." 18 U.S.C. § 3509(e). During the victim's testimony, and only during that testimony,

the Court **ORDERS** that the courtroom be closed and all those without a direct interest in this case be excluded.

### 2. *Identity Concealment Measures*

Section 3509(d)(3) permits orders "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." The Government accordingly requests that the victim be allowed to testify using only her initials and to withhold her home address or current place of residence. ECF No. 33 at 3.

The Government argues that the measures requested "are necessary to protect the victim from potential harassment from the media and others, undue embarrassment and other adverse consequences that may result from the nature of her anticipated testimony." ECF No. 33 at 3-4. The Court agrees. And, as the Government correctly notes, identifying the victim by her initials only will not impair the Defendant's cross examination or out-of-court investigations since the Defendant already knows the victim's full name. *Id.* at 4. So, the Court **ORDERS** that the victim be permitted to testify using only her initials as identification and to withhold both her home address and current place of residence.

### 3. *Confidentiality Obligations*

Finally, the Government asks the Court to remind the relevant people—all government employees connected with the case, employees of the Court, the defendant and his employees, including his attorney, and members of the jury—of their obligation to comply with § 3509(d)(1)(A). *See* 18 U.S.C. § 3509(d)(1)(B). Although somewhat pointless because of every person's obligation to follow the law, the Court reminds all parties involved in this case that they must "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access," and only disclose such documents to people who have reason to know the information they contain. *Id.*

## B. Motion in Limine

The Government also seeks two preliminary evidentiary rulings in addition to the § 3509 relief. First, they ask the Court to preclude the Defendant from making any reference to specific instances of a witness's conduct "until such time as the Court has made a finding as to [the] probative nature of the inquiry and finding that the manner of proof intended by the defendant does not require extrinsic evidence." ECF No. 32 at 1. Second, the Government seeks to preclude defense counsel from "making any statements that imply the range of punishments facing the defendant in the event of conviction." *Id.* at 2.

### 1. *Specific Instances of Witness Conduct*

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness. Courts may, however, allow inquiry into specific instances of conduct on cross-examination if

2

they are probative of the witness's character for truthfulness or untruthfulness. *Id.*

At bottom, the Government requests the Court follow Rule 608(b). The Court, of course, always intended to do so since that is the law. But to make sure the rule is clear to all involved, the Court reminds counsel for both sides that inquiry into specific instances of a witness's conduct must be approved by the Court as probative of the witness's character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b).

### 2. *Discussions of Punishment*

In deciding a defendant's guilt or innocence, juries may not consider "punishment in any way." Eleventh Circuit Pattern Jury Instructions (Criminal) § 10.2 (2010); *see also United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). Juries are finders of fact. They decide whether defendants committed the acts that comprise charged crimes. They do not make moral judgments about whether a person deserves or does not deserve a particular punishment.

In keeping with those principles, the Government requests the Court prohibit defense counsel from "making any statements that imply the range of punishments facing the defendant in the event of conviction." ECF No. 32 at 2. Although the Court declines to enumerate specific things defense counsel cannot say, prudence dictates making sure that counsel is aware that any mention of punishment will be met with an instruction to the jury to disregard the comment. And in any event, the Court's jury charge will admonish the jury to not consider punishment in any way.

### III. CONCLUSION

In order to protect the alleged victim from unnecessary trauma, embarrassment, and substantial psychological harm, the Court **ORDERS** the following:

1. The closure of the courtroom during (but only during) the alleged victim's testimony; and
2. The protection of the alleged victim's identity by allowing her to testify using only her initials and withholding her current residence and home address;

The Court also reminds the parties that (1) they must keep confidential any documents or information concerning children; (2) any inquiry on cross-examination into specific instances of a witness's conduct must be approved by the Court as probative of the witness's character for truthfulness or untruthfulness; and (3) they must not discuss possible punishments before the jury.

This ___ day of December 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3