# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR613-012 |
| | ) | |
| STEVE LAVON BIGGINS | ) | |

## REPORT AND RECOMMENDATION

Almost twenty months after a jury convicted him of transporting child pornography in interstate commerce (doc. 48), Steve Biggins moves under Fed. R. Crim. P. 41(g)[1] for return of a cellphone, digital camera, and camera memory card seized from him by the government. Doc. 72.

Such motions are "properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband[,] or [it is] subject to forfeiture." *United States v. Rasco*, 2010 WL 2160838 at * 11 (S.D. Ga. Mar. 8, 2010), *rejected in part on other grounds by* 2010 WL 2160836 (S.D. Ga. May 27, 2010). Furthermore:

> [w]hen the property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Equitable jurisdiction "must be

---

[1] "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of his request. *United States v. Martinez*, 241 F.3d 1329, 1331 n. 2 (11th Cir. 2001) (addressing Rule 41(g)'s predecessor, Rule 41(e)). For the district court to exercise equitable jurisdiction, the property owner "must show that he had a possessory interest in the property seized by the government" and that he has "clean hands" with respect to the property. *Howell*, 425 F.3d at 974.

*United States v. Mooney*, 581 F. App'x 831 (11th Cir. 2014).

According to the evidence at trial -- which Biggins does not dispute[2] -- the phone, camera, and memory card all contained images of child pornography. *See, e.g.*, doc. 65 at 161. Biggins used the items to take photos of himself and the 15-year-old victim engaged in various sex acts. *See id.* at 182-85. He then sent some of those photos via text messages to the victim and others. *Id.* at 186. Whether or not the images can be deleted from the property (neither Biggins nor the government, who never responded to the motion, argues on that score),[3] they contained

---

[2] He also does not dispute the propriety of any search or seizure of the property he seeks. That's for the best, since "[e]ven assuming *arguendo* that the . . . seizure was unlawful . . . [Biggins] nonetheless is barred from Rule 41(g) relief by his undisputed unclean hands." *Mooney*, 581 F. App'x at 382.

[3] *Cf. United States v. Easton*, 2015 WL 671932 at * 2 (S.D. Fla. Feb. 17, 2015 (government represented that digital storage devices seized from defendant "were tainted with child pornography, and as such, were destroyed"); *but see United States v. Chikeluba*, 2012 WL 7827855 at *2 (N.D. Ga. Dec. 14, 2012) (government objected

contraband relevant to his offenses, so he lacks "clean hands with respect to the property." *Mooney*, 581 F. App'x at 831; *see also id.* at 832 (Rule 41(g) motion denied because laptop at issue contained images of child porn and thus movant "failed to show he had clean hands" in seeking its return); *United States v. Madkins*, 2015 WL 1523993 at * 2 (M.D. Fla. Apr. 2, 2015) (no clean hands where property was "sexually explicit" in nature and defendant stood convicted of offenses related to the sex trafficking of minors).[4] Biggins' motion (doc. 72), therefore, should be **DENIED**.[5]

---

to return of SIM cards seized from defendant at airport during his arrest for heroin trafficking "unless they were erased").

[4] For that matter, "[a] person who is convicted of an offense . . . involving a visual depiction described in [18 U.S.C. § 2251 or 2252] . . . shall forfeit to the United States . . . any property . . . used . . . to commit or to promote the commission of such offense." 18 U.S.C. § 2253(a). Biggins was convicted of violating §§ 2251(a) and 2252(a) and (b) and so forfeited his interest in the camera, phone, and memory card, all of which contained images of child pornography. 18 U.S.C. § 2253(a)(3). Without any possessory interest in the property, his Rule 41(g) motion must fail, *see United States v. Connolly*, 446 F. App'x 254, 255 (11th Cir. 2011) (citing *Howell*, 425 F.3d at 974), regardless of whether any forfeiture order ever issued (none did). *See United States v. Penry*, 515 F. App'x 784, 787 (10th Cir. 2013) (forfeiture under § 2253 occurs as a matter of law and without an order of forfeiture; those convicted under §§ 2251 and 2252 are "not innocent with regard to the use of [property used to commit those offenses] and, pursuant to 18 U.S.C. § 2253, such property is clearly subject to forfeiture").

[5] Although Rule 41(g) requires courts "to receive evidence on any factual issue necessary to decide the motion," no evidentiary hearing is necessary here since Biggins did not dispute at trial or in his motion that the property he seeks contained

**SO REPORTED AND RECOMMENDED** this 3rd day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

illicit images. *See Mooney*, 581 F. App'x at 832 (no hearing necessary "given that there was no factual dispute as to Mooney's unclean hands").