UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

STEVE BIGGINS

Case No. 6:13cr0012

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

A district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 [including that the defendant is not a danger to another person or the community]; and third, that § 3553(a) factors weigh in favor of compassionate release." United States v. Giron, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). A district court may analyze these three conditions in any order. Id.

Defendant argues that his sentence is "unusually long" and qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) that warrants compassionate release. In 2013, a grand jury charged Defendant with transportation of a minor (Count 1), production of child pornography (Count 2), and transportation of child pornography (Count 3). Defendant proceeded to trial, and a jury found him guilty on all counts. With a total offense level of 43 and a criminal history category of II, Defendant's advisory guidelines range was life imprisonment. U.S.

3

Probation recommended a sentence of life imprisonment (and a lifetime of supervised release). However, the Court varied downward and sentenced Defendant to serve twenty-five years in prison. Defendant is currently incarcerated at Atlanta FCI with a projected release date of December 21, 2034.

The Court finds that Defendant has not met his burden to show an extraordinary and compelling reason warranting compassionate release. His sentence is not unusually long. There has been no change in law that has resulted in a gross disparity between his term of imprisonment and the sentence that would have been imposed for his offense were it committed now. Moreover, the Court already varied downward substantially, resulting in a favorable sentence for Defendant.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

December 27, 2024.

_____
UNITED STATES DISTRICT JUDGE